OPINION
{¶ 1} Mark Hill entered a plea of guilty to fourth degree felony domestic violence and was sentenced to six months imprisonment.
 {¶ 2} Hill's first assignment of error on appeal asserts:
 {¶ 3} "THE CONVICTION IS A NULLITY AS THE STATUTE UPON WHICH DEFENDANT WAS CONVICTED WAS AND IS CLEARLY UNCONSTITUTIONAL AND VIOLATED OF DEFENDANT'S DUE PROCESS RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND STATE OF OHIO CONSTITUTION."
 {¶ 4} Hill claims his conviction is invalid because of the operation of the so-called Defense of Marriage amendment to the Ohio Constitution (Article XV, § 11) upon R.C. 2919.25, which proscribes domestic violence.
 {¶ 5} The amendment became effective December 2, 2004, after approval by the voters November 2, 2004.
 {¶ 6} Hill's offense occurred on or about April 13, 2005. Hill did not advance his constitutional argument made here in the trial court, notwithstanding that the amendment was in effect for over four months prior to his offense. Thus, he has waived this argument on appeal.
 {¶ 7} Were we to address the merits of this assignment, we would also overrule it.
 {¶ 8} The State asserts that Hill and the victim were married at the time of the offense, so that the amendment has no application to this case. Hill claims that because R.C. 2919.25
has been rendered unconstitutional in its entirety by the amendment, whether Hill and his victim were married is irrelevant.
 {¶ 9} On March 24, 2006, this court decided State of Ohio v.Karen S. Ward, Greene App. No. 2005 CA 75. The court determined that to the extent that R.C. 2919.25 extended its protection to "a person living as a spouse," it was rendered unconstitutional by the amendment.
 {¶ 10} R.C. 2919.25(F) does not limit the protection of R.C.2919.25 to persons living as a spouse, but also extends that protection, inter alia, to spouses and former spouses. R.C.2919.25(F)(1)(a)(i). That protection has not been made unconstitutional by the amendment. See Ward at 12.
 {¶ 11} While it is not crystal clear from the record that Hill's victim was his spouse at the time of the offense, it is abundantly clear that she was at least Hill's former spouse.
 {¶ 12} Hill's first assignment is overruled.
 {¶ 13} Hill's second assignment of error states:
 {¶ 14} "A SIX MONTH PRISON SENTENCE IS NOT AN AVAILABLE OR LEGAL SENTENCE TO IMPOSE UPON THE GRANTING OF ILC WITHOUT NOTICING THE DEFENDANT OF THE ILC REVOCATION AND THE OPPORTUNITY FOR A HEARING."
 {¶ 15} Hill claims he was granted Intervention in Lieu of Conviction (ILC) immediately after pleading guilty on September 16, 2005, and that the court revoked the grant of ILC October 18, 2005, without notice or hearing. The State contends Hill was never granted ILC, but was sentenced to six months when he appeared for disposition.
 {¶ 16} While two pages of the eighteen-page transcript of the plea proceeding supports Hill's argument, the rest of the transcript and the documents in the record support the State's position, which we determine is accurate.
 {¶ 17} The trial court conducted a joint plea proceeding on September 16 with two defendants, Hill and a Douglas Tussey. After accepting both defendants' pleas, the court ordered a presentence investigation report for Hill and ordered him to return for final disposition October 18. The court stated to Hill:
 {¶ 18} "THE COURT: 1:30 Tuesday, October 18th. Leave the courtroom right now, go directly to the probation department downstairs. They're going to give you an appointment to be interviewed and you need to show up for that interview and then back here Tuesday, October 18 at 1:30.
 {¶ 19} "MR. GREENBERG (Hill's attorney): Thank you.
 {¶ 20} "THE COURT: You'll get directions from the lady behind you where to go."
 {¶ 21} Immediately thereafter, the court stated:
 {¶ 22} "In Mr. Hill's case, the court accepts his pleas of guilt because the court is accepting his motion in lieu ofconviction. The court at this point orders the criminal prosecution to be stayed. And, Mr. Hill, here are the seven ILC conditions all of which you must fulfill." (Emphasis ours).
 {¶ 23} The State claims that the court was actually addressing defendant Tussey about ILC and inadvertently called him "Mr. Hill." We agree that this is what happened.
 {¶ 24} The court referred to a "motion in lieu of conviction." Hill never filed a motion for ILC. Furthermore, Hill was ineligible for ILC, having previously been convicted of a felony and his current offense being one of violence. R.C.2951.041(B)(1)(2), 2901.01(9)(a). Finally, Hill appeared for final disposition October 18, as previously ordered, and the court referred to the PSI, accorded Hill and his counsel an opportunity for allocation, and imposed sentence. No mention was made of ILC. Among the journal entries and original papers, there is no grant of ILC. The court's termination entry reflects a conviction of domestic violence and a six-month sentence.
 {¶ 25} This assignment of error has no merit, is in our judgment frivolous, and is overruled.
 {¶ 26} The judgment will be affirmed.
Brogan, J. and Glasser, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).